UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION



EARL DIAMOND,

    Plaintiff,

v.

    Case No. 14-12692

    Hon. John Corbett O'Meara

H & R BLOCK, *et al.*,

    Defendants.

_____/

### ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING COMPLAINT

Appearing pro se, Plaintiff Earl Diamond filed a complaint and application to proceed without prepayment of fees on July 9, 2014. The court finds Plaintiff's application to proceed *in forma pauperis* to be facially sufficient and, therefore, grants Plaintiff's motion to proceed without prepayment of fees. See 28 U.S.C. § 1915(a); Gibson v. R.G. Smith Co., 915 F.2d 260, 262 (6th Cir. 1990).

Once a court grants a plaintiff permission to proceed *in forma pauperis*, it must review the complaint pursuant to 28 U.S.C. § 1915(e). The court "shall dismiss" the case if the court finds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Plaintiff contends that he was wrongfully terminated from his job as a tax

preparer at H & R Block because he joked that he was also employed by a competitor. Although Plaintiff alleges jurisdiction pursuant to 28 U.S.C. § 1331, he does not set forth any federal claims, but rather his claims for breach of contract and wrongful discharge arise under state law. In passing, Plaintiff mentions violations of "civil rights laws," but does not plead sufficient factual matter to support such a claim. See Hill v. Lappin, 630 F.3d 468, 470-71 (2010) ("[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.") (citation omitted).[1] Nor has Plaintiff alleged that diversity jurisdiction pursuant to 28 U.S.C. § 1332 exists. Because the court lacks subject matter jurisdiction, the court will dismiss Plaintiff's complaint. To the extent Plaintiff has a claim, it arises under state law and must be brought in state court.

IT IS HEREBY ORDERED that Plaintiff's complaint is DISMISSED.

Dated: July 24, 2014

John Corbett O'Meara
United States District Judge

---

[1] In addition, Plaintiff has not alleged that he pursued his administrative remedies before the Equal Employment Opportunity Commission. See Rivers v. Barberton Bd. of Ed., 143 F.3d 1029, 1032 (6th Cir. 1998) (a right-to-sue letter from EEOC is a "condition precedent" to suit under Title VII of the Civil Rights Act).